IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | | |
|---|---|---|
| **PROGRESSIVE NORTHERN INSURANCE COMPANY,** | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:18CV00009 |
| v. | ) ) ) | **OPINION AND ORDER** |
| **BRYANT JONES d/b/a JONES TRUCKING, ET AL.,** | ) ) ) | By: James P. Jones United States District Judge |
| Defendants. | ) ) | |

*John B. Mumford, Jr., and Lindsay L. Rollins, HANCOCK, DANIEL & JOHNSON, P.C., Glen Allen, Virginia, Robert D. Moseley, Jr., and Megan M. Early-Soppa, Greenville, South Carolina, for Plaintiff; Charles A. Stacy, THE CHARLES A. STACY LAW OFFICE & PERSONAL INJURY CENTER, PLLC, Bluefield, Virginia, for Defendant Michelle Reynolds Streeby, Administrator of the Estate of Michael Eugene Reynolds, Deceased.*

The plaintiff, an automobile liability insurance company, seeks a declaration pursuant to the diversity jurisdiction of this court that it has no obligation under its policy to provide coverage, including a duty to defend, arising from an accident in which the defendant's decedent was killed. The plaintiff has moved for summary judgment in its favor, which motion has been fully briefed. For the following reasons, I will grant summary judgment for the insurance company.

I.

The facts are not in dispute. Michelle Reynolds Streeby, as the Administrator of the Estate of Michael Eugene Reynolds, Deceased (the "Administrator") filed a

wrongful death action in a Virginia state court arising from a motor vehicle accident that killed her decedent. The defendants in the state court action are Bryant Jones, doing business as Jones Trucking ("Jones"), and Brandon Blevins. It is alleged that Blevins, the other driver, while acting within the scope of his employment by Jones, negligently caused the accident that killed Reynolds.

Progressive Northern Insurance Company ("Progressive") then filed the present declaratory judgment action, in which it alleges that the tractor and trailer being operated by Blevins were owned by Jones. It further alleges that Blevins and B K & K Trucking, Inc. ("B K & K"), of Tazewell, Virginia, were named insureds under a liability insurance policy issued by Progressive (the "Policy").[1] It contends that the tractor and trailer owned by Jones and operated by Blevins were not covered under the Policy at the time of the accident. It thus concludes that Progressive's Policy affords no coverage for liability arising from the accident and seeks a declaration that Progressive had no duty to defend or indemnify Jones, Blevins, or B K & K. Compl. ¶ 22, ECF No. 1.

In the present action, Progressive has named and served as defendants Jones, Blevins, B K & K, and the Administrator. Jones, Blevins, and B K & K did not respond to the suit and have been declared in default. *See* Fed. R. Civ. P. 55(a). The

---

[1] The undisputed evidence shows that B K & K is a trucking company owned and operated by Blevins. Blevins worked part time driving for Jones when his own business was slow. Mem. Supp. Pl.'s Mot. Summ. J. Ex. C, Blevins Dep. 11–12, ECF No. 32-3.

Administrator answered and has opposed Progressive's Motion for Summary Judgment, which is ripe for decision.[2]

## II.

Summary judgment is appropriate if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986).

Progressive has submitted a certified copy of the Policy and its Declarations, which the defendant Administrator does not dispute. Mem. Supp. Pl.'s Mot. Summ. J. Ex. E, ECF No. 32-5. The Policy specifically provides that it applies only to covered vehicles that are listed on the Declarations for the Policy. *Id.* at Policy 1. Neither the tractor nor the trailer which Blevins was operating at the time of the accident are so listed. *Id.* at Declarations 2.

As regards liability coverage, the Policy provides that Progressive

will pay all sums an **"insured"** legally must pay as damages because of **"bodily injury"** or **"property damage"** to which this insurance applies, caused by an **"accident"** and resulting from the ownership, maintenance or use of a covered **"auto"**.

**We** have the right and duty to defend any **"suit"** for such damages, even if the **"suit"** if groundless, false or fraudulent. However, **we** have

---

[2] I will dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

no duty to defend **"suits"** for **"bodily injury"** or **"property damage"** to which this insurance does not apply.

*Id.* at Policy 20.[3]

The Administrator concedes that the provisions of the Policy cited above preclude coverage of the accident in light of the fact that the tractor and trailer were not covered, Def.'s Resp. 2, ECF No. 34, and argues only that the commercial general liability ("CGL") portion of the Policy "may" afford coverage, *id.* However, as pointed out by Progressive, the CGL form expressly excludes liability coverage for bodily injury or property damage arising out of "[t]he ownership, maintenance, use, or entrustment to others of any aircraft, **auto**, or watercraft owned or operated by, or rented, leased or loaned to, any **insured.**" Mem. Supp. Pl.'s Mot. Summ. J. Ex. E 50–51, ECF No. 32-5. "Auto" is defined as any "land motor vehicle, **trailer**, or semitrailer designed for travel on public roads." *Id.* at 46. There is no dispute but that the tractor and trailer owned by Jones and operated by Blevins at the time of the accident meet this definition.

Moreover, the Policy provides no coverage for liability arising out of any activity "other than the insured's trucking operations." *Id*. at 42. Blevins and his company, B K & K, are the insureds in Progressive's Policy, *id.* at 1, and it is undisputed that Blevins was not acting in pursuant of his own trucking business at

---

[3] This provision is contained in an endorsement to the Policy entitled "Virginia Changes – Business Auto Coverage Form." *Id.*

the time of the accident, but on the business of Jones, who is not an insured under the Policy.

"In general, courts interpret insurance policies, like other contracts, in accordance with the intention of the parties gleaned from the words they have used in the document." *Transcon. Ins. Co. v. RBMW, Inc.*, 551 S.E.2d 313, 318 (Va. 2001) (internal quotation marks, citation, and alteration omitted). Generally, "[t]he interpretation of a contract presents a question of law." *City of Chesapeake v. States Self-Insurers Risk Retention Grp., Inc.*, 628 S.E.2d 539, 541 (Va. 2006). Where a contract "is complete on its face, [and] is plain and unambiguous in its terms, the court is not at liberty to search for its meaning beyond the instrument itself." *Monticello Ins. Co. v. Baecher*, 477 S.E.2d 490, 491 (Va. 1996) (internal quotation marks and citation omitted).

Based on the uncontested facts, the plain language of the Policy, and the legal standards I must follow, I find that there is no coverage under Progressive's Policy for the accident in question and will so declare. Accordingly, it is **ORDERED** that the Plaintiff's Motion for Summary Judgment, ECF No. 31, is GRANTED.[4]

---

[4] Two issues, not raised by the parties, require brief discussion.

As noted, certain of the parties, including the named insureds under the Policy, are in default. The court may enter judgment against parties in default, Fed. R. Civ. P. 55(b), and because an interested party has appeared and defended, and in light of the clear record in this case, I find it appropriate to exercise my discretion to enter judgment against the defaulted parties. *See United States v. Moradi,* 673 F.2d 725, 727 (4th Cir. 1982).

A final judgment will be entered herewith.

ENTER: January 14, 2020

/s/ JAMES P. JONES
United States District Judge

---

A second issue is whether I should abstain from exercising jurisdiction to declare that the Policy affords no right of indemnity on the ground that the state court has not yet determined the liability of the insureds. *See Trustgard Ins. Co. v. Collins*, 942 F.3d 195, 201–205 (4th Cir. 2019) (holding that district court erred in declaring insurance policy coverage where the relevant facts would duplicate factual issues before the state court in the underlying tort action). However, because my declaration in this case would not intrude on the prerogatives of the state court in the underlying tort action, I find no obstacle to making it. *See id.*